IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH CROSS f.k.a. DEBORAH CROSS-FARRON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF NEW YORK, as Trustee for THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2004-30CB, and NEWREZ LLC d.b.a. SHELLPOINT MORTGAGE SERVICING, | § § § § § § § § § § | CIVIL ACTION NO. H-20-1322 |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deborah Cross ("Plaintiff") sued defendants The Bank of New York Mellon ("BoNYM"), trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2004-30CB ("the 2004-30CB Trust"), and Shellpoint Mortgage Servicing ("Shellpoint") (collectively, "Defendants") in the 11th District Court of Harris County, Texas.[1] Defendants timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's

---

[1] Plaintiff's Original Petition, Exhibit 1 to Defendants' Removal Notice ("Notice of Removal"), Docket Entry No. 1-2, p. 2. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Notice of Removal, Docket Entry No. 1, pp. 1-3.

Motion to Remand (Docket Entry No. 9).  For the reasons stated below, Plaintiff's Motion to Remand will be denied.

## I. Background

In November of 2004 Plaintiff executed a mortgage note in favor of New Horizon Financial Ltd. to purchase property in Harris County, Texas.[3]  The mortgage was secured by a deed of trust.[4]  The mortgage loan was thereafter assigned to BoNYM as trustee for the 2004-30CB Trust, and Shellpoint became the mortgage servicer.[5]  Plaintiff defaulted on the note in December of 2014, and Defendants sent Plaintiff notice of default and intent to accelerate in October of 2015.[6]  On March 19, 2020, Plaintiff filed this action in state court seeking to quiet title to the property and seeking a declaratory judgment that the statute of limitations barred any future foreclosure sale.[7]

Defendants removed the action to this court on April 14, 2020.[8]  On May 14, 2020, Plaintiff filed her Motion to Remand.[9]

---

[3]Plaintiff's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-2, p. 3 ¶ 4, p. 4 ¶ 12.

[4]Id. at 4 ¶ 12.

[5]See id. at 2-3 ¶ 2, 3 ¶ 3.

[6]Id. at 4 ¶¶ 13-14.

[7]Id. at 5-6.

[8]Notice of Removal, Docket Entry No. 1.

[9]Plaintiff's Motion to Remand, Docket Entry No. 9.

Defendants responded on June 2, 2020,[10] and Plaintiff replied on June 8, 2020.[11]

## II. Analysis

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Ambiguities are to be construed against removal and in favor of remand. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). The notice of removal must set forth a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). If the basis of jurisdiction is diversity of citizenship, the citizenship of the parties must be set forth, as well as an allegation that the jurisdictional amount has been satisfied. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); Howery v. Allstate Insurance Co., 243 F.3d 912, 919 (5th Cir. 2001).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in

---

[10]Response in Opposition to Motion to Remand ("Defendants' Response"), Docket Entry No. 11.

[11]Plaintiff's Reply in Support of Its Motion to Remand ("Plaintiff's Reply"), Docket Entry No. 12.

controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Defendants removed this action based on the diversity of the parties asserting that Plaintiff is a citizen of Texas, BoNYM is a citizen of New York, and Shellpoint is a citizen of Delaware and New York, and that the amount in controversy is $362,284.[12] Plaintiff argues the action must be remanded because (1) the notice of removal falsely alleges that BoNYM is a national banking association citizen of New York when it is not a national banking association, and (2) the notice of removal fails to allege the citizenship of 2004-30CB Trust.[13]

### A.   Citizenship of The Bank of New York Mellon

The Notice of Removal asserts that BoNYM is a citizen of New York because it is a national banking association with its main office located in New York, New York.[14] Defendants admit that this statement is an error that confuses defendant BoNYM, a Delaware corporation with its principal place of business in New York, with non-defendant The Bank of New York Mellon Trust Company, National Association, a national banking association and distinct entity.[15] Defendants request leave to file an Amended Notice of Removal that correctly states that BoNYM is a corporation and citizen of

---

[12]Notice of Removal, Docket Entry No. 1, pp. 2-3.

[13]Plaintiff's Motion to Remand, Docket Entry No. 9, pp. 4, 6.

[14]Notice of Removal, Docket Entry No. 1, p. 2.

[15]Defendants' Response, Docket Entry No. 11, p. 8.

Delaware and New York.[16] Plaintiff argues that Defendants' amendment impermissibly seeks to remedy defective jurisdictional facts more than thirty days after the original notice of removal.[17]

A notice of removal must be filed within 30 days(b). The defendant may freely amend a filed notice of removal wi of the defendant's receipt of service of process. 28 U.S.C. § 1446 thin that 30-day period. Moody v. Commercial Insurance Co. of Newark, New Jersey, 753 F. Supp. 198, 201 (N.D. Tex. 1990). After the 30-day removal period has elapsed, a defendant must seek leave to amend the notice of removal under 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended . . ." VTX Communications, LLC v. AT&T Inc., Civil Action No. 7:19-CV-269, 2020 WL 918670, at *13 (S.D. Tex. Feb. 26, 2020). Section 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000).

Whether the court may authorize amendment under § 1653 depends on the nature of the jurisdictional defect. Id. Section 1653 authorizes amendment "to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." Newman-Green, Inc. v. Alfonzo-Larrain, 109 S. Ct. 2218, 2222 (1989). Section 1653 therefore allows amendment where the court has

---

[16]Id. at 9; see Defendants' Amended Removal Notice, Exhibit B to Defendants' Response, Docket Entry No. 11, p. 204.

[17]Plaintiff's Reply, Docket Entry No. 12, pp. 3-4.

jurisdiction based on the underlying facts but the technical requirements to allege those facts have not been met, and it does not permit amendment if there was no jurisdiction based on the underlying facts at the time of filing. Section 1653 does not permit amendment to correct non-jurisdictional deficiencies in removal procedure, such as a failure to join all defendants in the notice of removal. Moody, 753 F. Supp. at 201.

Plaintiff argues that Defendants seek to introduce new jurisdictional facts by amending the Notice of Removal to accurately state that BoNYM is a corporate citizen of Delaware and New York rather than a banking association citizen of New York. But a notice of removal's failure to correctly allege a corporate defendant's citizenship is a typical example of the type of technical error in jurisdictional allegations that may be amended under § 1653. See Whitmire, 212 F.3d at 888; D. J. McDuffie, Inc. v. Old Reliable Fire Insurance Co., 608 F.2d 145, 146 (5th Cir. 1979); Moore v. Gladiator Events, LLC, No. 3:15-cv-01877-M, 2015 WL 5459625, at *2-3 (N.D. Tex. Sept. 15, 2015). Whether the court has diversity jurisdiction turns on whether Defendants were of diverse citizenship from Plaintiff at the time of removal, not whether Defendants accurately alleged the bases of citizenship in the Notice of Removal. There is no dispute that BoNYM is a corporate citizen of New York and Delaware and not Texas and is therefore diverse from Plaintiff. The amendment seeks to cure a technical defect in the jurisdictional allegations rather than

alter the underlying jurisdictional facts and is permitted under § 1653. See Whitmire, 212 F.3d at 888. The court will therefore grant Defendants' request for leave to file their Amended Removal Notice, and the court concludes that the Amended Removal Notice adequately alleges the citizenship of BoNYM as diverse from Plaintiff.

**B.   Citizenship of the 2004-30CB Trust**

Plaintiff also argues that Defendants have inadequately alleged diversity jurisdiction because the Notice of Removal does not allege any facts supporting the 2004-30CB Trust's citizenship.[18] Defendants respond that the 2004-30CB Trust's citizenship is irrelevant because BoNYM as its trustee is the real party to the suit.[19]

In determining diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Ass'n v. Lee, 100 S. Ct. 1779, 1782 (1980). When a trustee is named as the defendant in a lawsuit involving a trust, the trustee is the real party to the controversy if its control over the trust's assets is real and substantial, meaning it "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Bynane v. Bank of New York Mellon for

---

[18]Motion to Remand, Docket Entry No. 9, pp. 4-5.

[19]Defendants' Response, Docket Entry No. 11, p. 4.

CWMBS, Inc. Asset-Backed Certificates Series 2006-24, 866 F.3d 341, 356 (5th Cir. 2017) (quoting Navarro, 100 S. Ct. at 1783). In such circumstances the trustee's citizenship "is what matters in determining diversity jurisdiction." Id.

Plaintiff sued BoNYM in its capacity as trustee of the 2004-30CB Trust and did not sue the trust in its own name.[20] Thus "the only remaining question is whether [BonYM] posses the sort of 'real and substantial' control over the trust's assets" as described above. Id. at 357. In the context of mortgage loan asset trusts, the trustee has real and substantial control if all right, title, interest in, and control of the mortgage loans are transferred to the trustee and "the certificateholders have only limited rights to vote or otherwise control the operation of the trust." Bynane, 866 F.3d at 357.

BoNYM has submitted evidence that the trust is subject to a pooling and service agreement that assigns "all of [the] rights with respect to the Mortgage Loans" to the trustee.[21] The Pooling Agreement also states that the certificateholders have no right to "control the operation and management of the Trust Fund, or the obligations of the parties hereto" or "institute any suit, action

---

[20]See Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 2 ¶ 2 (identifying BoNYM as a party and trustee of the 2004-30CB Trust but not naming the trust as a separate party).

[21]Pooling and Servicing Agreement ("Pooling Agreement"), Exhibit A-4 to Defendants' Response, Docket Entry No. 11, pp. 90-91 § 2.04.

or proceeding" under the Pooling Agreement.[22] Plaintiff does not dispute these facts. The court concludes that BoNYM as trustee for the 2004-30CB Trust is the real and substantial party to the action, and accordingly BoNYM's citizenship controls for the purpose of diversity jurisdiction. Accordingly, Plaintiff's objection that the Notice of Removal does not specify the 2004-30CB Trust's citizenship lacks merit. Plaintiff's Motion to Remand will be denied.

### III. Conclusions and Order

The court concludes it has diversity jurisdiction over this action because the parties are diverse and the amount in controversy exceeded $75,000 at the time of removal. While Defendants alleged an incorrect basis for BoNYM's citizenship in the Notice of Removal, they are entitled to amend to correct their jurisdictional allegations under 28 U.S.C. § 1653. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 9) is **DENIED**. Defendants' request for leave to file an amended removal notice (Docket Entry No. 11) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 15th day of September, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[22]Id. at 137 § 10.08.