IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH CROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1322 |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

In accordance with the court's Memorandum Opinion and Order
denying Plaintiff's Motion for Partial Summary Judgment and
granting Defendants Shellpoint and BONYM's Summary Judgment Motion,
the court finds as follows:

The loan is evidenced by a valid note (the "Note") executed on
or about November 2, 2004, by Deborah Cross ("Plaintiff") and
originally made payable to New Horizon Financial Ltd. as lender on
a loan secured by the real property and improvements commonly known
as 16515 Obsidian Drive, Houston, Texas (the "Property"). On the
same day Plaintiff executed a Deed of Trust dated November 2, 2004.
It is therefore

**ORDERED, ADJUDGED, and DECREED** that BONYM is the current legal
owner of the Note and beneficiary of the Deed of Trust. Therefore,
BONYM is the mortgagee with the right to enforce the Deed of Trust.
It is further

**ORDERED, ADJUDGED, and DECREED** that Plaintiff take nothing on each and every claim against Shellpoint and BONYM in this cause. It is further

**ORDERED, ADJUDGED, and DECREED** that BONYM shall have a judgment against Plaintiff for $438,631.84, which is the total amount owed to BONYM under the Note and Deed of Trust as of March 9, 2021, which includes costs and expenses enforcing the Note and Deed of Trust, plus pre-judgment interest at 3.625%. Post-judgment interest shall accrue on the balance at the applicable statutory rate. It is further

**ORDERED, ADJUDGED, and DECREED** that as the mortgagee who has the right to enforce the Deed of Trust, BONYM has a first lien security interest on the Property. It is further

**ORDERED, ADJUDGED, and DECREED** that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, including attorney's fees, pre-judgment interest, post-judgment interest, and costs of court. It is further

**ORDERED, ADJUDGED, and DECREED** that due to default on the Note, BONYM or its successors or assigns may enforce its Deed of Trust against the Property through non-judicial foreclosure of the Property as provided in the Deed of Trust and Texas Property Code § 51.002. It is further

**ORDERED, ADJUDGED, and DECREED** that if the Property cannot be found, or if the proceeds of such sale be insufficient to satisfy

the judgment, BONYM or its successors or assigns may take the money or any balance thereof remaining unpaid out of any other property of Deborah Cross.  It is further

**ORDERED, ADJUDGED, and DECREED** that BONYM may further communicate with Plaintiff and all third parties reasonably necessary to conduct the foreclosure sale.  It is further

**ORDERED, ADJUDGED, and DECREED** that all costs are to be taxed against Plaintiff as a further obligation owed under the subject Note and Deed of Trust.  It is further

**ORDERED, ADJUDGED, and DECREED** that any relief not specifically granted in this judgment is **DENIED** and any party not otherwise disposed of is **DISMISSED**.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this the 23rd day of June, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE